Present: All the Justices

THE MARINER'S MUSEUM, ET AL.

OPINION BY JUSTICE A. CHRISTIAN COMPTON

v. Record No. 970833                    January 9, 1998

CITY OF NEWPORT NEWS

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
W. Park Lemmond, Jr., Judge Designate


This is an appeal from a judgment in an action for relief from alleged erroneous assessment of local taxes. The central issue is whether a charitable corporation, eligible for an exemption from real estate taxes, forfeits that exemption when it leases realty to another charitable corporation and the lease is "a source of revenue or profit" to the lessor under Code § 58.1-3603(A).

In July 1994, appellants The Mariner's Museum and Riverside Healthcare Association, Inc., filed against appellee City of Newport News an application, pursuant to Code § 58.1-3984, for relief from erroneous tax assessment. The plaintiffs asserted they are nonstock, nonprofit corporations exempt from taxation. They also asserted the Museum owns real estate located in the City that is leased to Riverside, which occupies and uses the property exclusively as a hospital conducted not for profit.

The plaintiffs alleged that the City erroneously has assessed the Museum for real estate taxes and that Riverside (the Hospital) has paid the taxes on behalf of itself and the Museum under protest. They asked the court to enter an order declaring the tax assessment erroneous, invalid, and illegal, and

exonerating the plaintiffs from any liability for payment of the taxes. They also sought a refund in the amount of approximately $2.8 million with interest.

Responding, the City denied the plaintiffs are entitled to the relief sought. It asserted "that the aforesaid real estate is leased or was otherwise a source of substantial revenue or profit" to the Museum and, accordingly, it is liable to taxation pursuant to Code § 58.1-3603.

The parties entered into a stipulation of facts and submitted the case to the trial court on issues of law. Following argument of counsel, the court, in a letter opinion, denied the plaintiffs' application for relief. The plaintiffs appeal from the February 1997 final order adjudicating that the taxes in issue had not been erroneously assessed.

According to the stipulation, the Museum was organized in 1930 to operate, in what is now the City of Newport News, "a museum and library pertaining to nautical subjects" and "otherwise to advance learning, the arts and sciences relating to or bearing on water craft, the marine and marine navigation." The Museum is owner of a substantial amount of realty located on the east and west sides of Warwick Boulevard in the City, and has leased a part of the property on the east side to the Hospital and its predecessor corporation. The plaintiffs are exempt from taxation of their income pursuant to the federal Internal Revenue Code.

Since February 1963, a medical center known as Riverside Hospital has been operated on the land leased from the Museum. The Hospital always has been conducted not for profit and exclusively as a charity. All buildings, parking lots, and related structures are used by the Hospital for charitable, literary, scientific, or educational purposes.

Over the years, the Hospital has expanded existing structures, constructed additional buildings, and leased more property from the Museum as its hospital operations have grown. In September 1989, the Museum and Hospital entered into a lease superseding all prior leases. In 1990 and 1993, construction of additional hospital facilities was completed on the leased property.

The September 1989 lease covers about 36 acres and is for a term ending on December 31, 2061. It provides that the Hospital is leasing the property "for the purpose of conducting its medical facilities and such other allied purposes."

The total rent for the 72-year term is $5 million, with $2 million to be paid upon execution of the lease, $2 million in January 1990, and $1 million in January 1991. These sums were paid in a timely fashion.

In an April 1994 letter, the City's Chief Assessor notified the Museum that "it has been determined that the land that was the subject of the 1989 lease is no longer exempt from taxation pursuant to the provisions of" Code § 58.1-3603. Prior to April

1994, no effort had been made by the City to assess real estate taxes against any land covered by the several leases between the parties.  The letter enclosed "the assessment for the current tax year and the three (3) most recent tax years."  This action ensued.

Settled principles applicable here should be reviewed.  The general policy in the Commonwealth is to tax all property.  See Va. Const. art. X, § 1.  But the Constitution creates certain exemptions, see id. § 6(a), and authorizes the General Assembly to establish others.  See id. § 6(b).  And, the legislature is permitted to restrict or condition, in whole or in part, but not extend, any or all of the exemptions created in the Constitution. Id. § 6(c).

Furthermore, the Constitution provides that all exemptions shall be strictly construed against the taxpayer.  Id. § 6(f).  "Under this rule, exemption from taxation is the exception, and any doubt is resolved against the one claiming the exemption." DKM Richmond Assocs. v. City of Richmond, 249 Va. 401, 407, 457 S.E.2d 76, 80 (1995).  The burden is upon the taxpayer to establish that it comes within the terms of the exemption.  Id.

The Constitution authorizes the General Assembly to exempt from taxation property used by its owner for charitable, historical, benevolent, or cultural purposes "subject to such restrictions and conditions as may be prescribed."  Art. X, § 6(a)(6).

The General Assembly implemented the foregoing constitutional provisions in Title 58.1, Chapter 36, of the Code. "Property of any nonprofit corporation organized to establish and maintain a museum" is exempt by classification from taxation. Code § 58.1-3606(A)(8).

However, § 58.1-3603, the main focus of this appeal, restricts exemptions under certain circumstances. The statute provided at the time of this dispute that: "Whenever any building or land, or part thereof, exempt from taxation pursuant to this chapter . . . is leased or is otherwise a source of revenue or profit, all of such buildings and land shall be liable to taxation as other land and buildings in the same county, city or town." § 58.1-3603(A) (1991 Repl. Vol.). The statute further provided: "In assessing any building and the land it occupies pursuant to subsection A, the assessing officer shall only assess for taxation that portion of the property subject to any such lease or otherwise a source of profit or revenue . . . ." § 58.1-3603(B) (1991 Repl. Vol.) (statute amended in part by Acts 1996, ch. 534).

On appeal, the plaintiffs claim that the trial court "reached its decision that the subject property was not exempt from taxation based solely on the provisions of Section 58.1-3603." The plaintiffs note the court concluded that the payment of $5 million as consideration for the 1989 lease constituted "revenue or profit" within the meaning of the statute and that

the property therefore was not exempt.

Continuing, the plaintiffs argue that the decision below was reached "without regard for" certain provisions of the Constitution of Virginia "as it existed both before and after its amendment in 1971, other provisions of the Code of Virginia which deal with the subject of tax exempt property, and a decision by this Court which is on all fours with the case at bar." Concluding, the plaintiffs contend the judgment of the trial court "was contrary to the law and the evidence and should be reversed." We disagree.

The existence of the 1989 lease between the Museum and the Hospital has been stipulated. However, the mere existence of a lease will not work a forfeiture of the exempt status that the leased property may otherwise enjoy. Board of Supervisors of Wythe County v. Medical Group Found., Inc., 204 Va. 807, 812, 134 S.E.2d 258, 262 (1964). Rather, the lease must generate a "substantial" net revenue or profit before the exemption is forfeited. See City of Newport News v. Warwick County, 159 Va. 571, 593-94, 166 S.E. 570, 578 (1932).

In the present case, as the trial court found, the 1989 lease generated a substantial net revenue or profit. The lease yielded $5 million in revenue for the Museum during the first 16 months of its term.

Under the lease, the Museum incurs no expenses for the leased property. For example, Section Eight of the lease

provides: "It is the intent of the parties that the Lessee is to pay all charges and expenses of every nature that may be imposed upon the Premises and its appurtenances in any manner during the term of this Lease and that may arise during the term of this Lease from the use and/or misuse of the Premises in any manner."

Therefore, we hold that the Museum's receipt of a substantial net revenue or profit from the lease to the Hospital renders the otherwise exempt property taxable under § 58.1-3603.

The plaintiffs rely heavily upon the Wythe County case, which, they say, "is on all fours with the case at bar." That case is not controlling. Actually, it supports the trial court's ruling in this case.

In Wythe County, decided under § 183 of the 1902 Constitution, before adoption of the current 1971 Constitution, the Court considered a real estate tax exemption involving a lease between two charitable corporations. The first issue was whether the realty owned by one charitable corporation and leased by it to another charitable corporation to be operated as a hospital, exclusively as a charity, was property "belonging to" the lessee within the meaning of a constitutional and statutory provision, so as to affect the tax exempt status of the property. 204 Va. at 808, 134 S.E.2d at 259. The "belonging to" phrase now appears in Code § 58.1-3606(A)(5).

The term of the lease was 15 years, with a right of renewal, at a monthly rental of $2,400. The rent was an amount

- 7 -

that the lessor anticipated would be required to curtail a $100,000 loan, obtained to fund construction of the hospital building, and to meet expenses of equipping the hospital. Id. at 809, 134 S.E.2d at 259. The lessee encountered financial difficulties and the lessor wrote off some of the amounts due it under the lease, refinanced the loan, and negotiated a new 15-year lease at a monthly rental of $2,500, the amount needed to amortize the refinanced mortgage. Id., 134 S.E.2d at 260.

This Court held that the subject property "belonged to" the lessee, "so long as it has the exclusive right to its possession under the lease," id. at 812, 134 S.E.2d at 261-62, and hence was qualified for exemption.

The first issue in Wythe County, of course, is not presented in this case; the City always has conceded that, but for the 1989 lease and the application of the provisions of Code § 58.1-3603, all the Museum's property would qualify for exemption.

The second issue addressed in Wythe County, however, is presented here. The Board of Supervisors contended that, even if the hospital property were exempt, the exemption was lost by virtue of the leases. The Board relied on a paragraph in § 183 of the 1902 Constitution providing that exempted real estate shall be liable to taxation whenever it "shall be leased or shall otherwise be a source of revenue or profit." 204 Va. at 812, 134 S.E.2d at 262. Similar language now appears in Code § 58.1-3603

- 8 -

("a source of revenue or profit, whether by lease or otherwise").

Focusing on the renegotiated lease, we held it did not affect the tax exempt status of the hospital property. The Court reasoned that the rent the lessee agreed to pay tended "immediately and directly to promote the objects and purposes for which the [lessor] was chartered. Indeed, the amount to be received by the [lessor] under the lease was to pay on the loan secured by the property in order to prevent a foreclosure and assure the continued existence of hospital facilities. Thus the lease . . . was not a source of revenue or profit." Id. at 813, 134 S.E.2d at 262.

The Wythe County facts are not present here. Unlike the lessor in Wythe County, the Museum, as we have said, does realize substantial net revenue or profit from the lease. Indeed, implicit in Wythe County is the conclusion that, but for the fact the revenue received by the lessor was "incidental," not substantial, the property would have been taxable. Id. at 814, 134 S.E.2d at 263.

Additionally, there is no evidence that the $5 million rent tended "immediately and directly to promote the objects and purposes" for which the Museum was chartered. Certainly, one may assume that any funds received by a museum will promote its charitable purposes, a fact not in evidence here. But that makes no difference because the Museum no longer uses its leased property for museum purposes; it leases the land as a means of

– 9 –

generating substantial net revenue or profit.  It is the use to which property is put, not the use to which profits that are realized from such property are put, that determines whether the property shall be exempt.  Commonwealth v. Trustees of Hampton Normal and Agric. Inst., 106 Va. 614, 621–22, 56 S.E. 594, 597 (1907).  See County of Hanover v. Trustees of Randolph-Macon College, 203 Va. 613, 617, 125 S.E.2d 812, 815 (1962).  This principle applies even though, as here, the lessee of an exempt owner also enjoys a tax exempt status.  See Commonwealth, 106 Va. at 621, 56 S.E. at 598.

The remaining issues raised by the plaintiffs merit only brief comment.  They point to a "grandfather clause" in the 1971 Constitution, which provides "that all property exempt from taxation on the effective date of this section shall continue to be exempt until otherwise provided by the General Assembly as herein set forth."  Va. Const. art. X, § 6(f).  See Code § 58.1-3606(B) (certain property exempt on July 1, 1971 shall continue to be exempt under rules of statutory construction applicable to exempt property prior to such date).

The plaintiffs argue the "subject property was clearly exempt on July 1, 1971," the effective date of the present Constitution, and the property "has continued to be exempt until the present time pursuant to the current Constitutional and statutory provisions."  We do not agree.

This contention assumes the property was exempt in 1971, a

conclusion that is questionable given the evidence in this case. And, the property was not rendered exempt merely because the City did not tax the property prior to the assessments in issue here.

Even assuming the property was exempt in 1971, however, the Museum is not eligible for protection under the grandfather clause. The execution of the 1989 lease was a defining and controlling event that operated as a forfeiture under Code § 58.1-3603. Property exempt under a 1971 grandfather clause does not remain perpetually exempt regardless of post-1971 actions by the property owner.

Finally, we reject the plaintiffs' contention that the subject property is exempt under portions of Code § 58.1-3203, which deals with taxation of leasehold interests. This case does not involve leasehold taxes. Therefore, the statute is inapplicable.

Consequently, we hold that the plaintiffs failed to carry their burden to show they qualify for the tax exemption, that the City properly imposed the taxes upon the Museum, and that the trial court did not err in denying the plaintiffs' application for relief. Thus, the judgment below will be

Affirmed.